IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KHALID MOHAMED,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JP MORGAN CHASE BANK, N.A.,**<br><br>    Defendant. | Civil Action No. 1:15-cv-01016-JDB |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC ("Chase" or "Defendant") by counsel, hereby submit this Answer to Plaintiff Khalid Mohamed's ("Plaintiff") Complaint as follows:

### PRELIMINARY STATEMENT

1. The allegations of Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

### PARTIES

2. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Chase admits the allegations of Paragraph 3 of the Complaint.

### FACTS

4. Chase admits that Plaintiff obtained a mortgage loan which was evidenced by a promissory note that was payable to GreenPoint Mortgage Funding, Inc. The remaining allegations of Paragraph 4 of the Complaint are conclusions of law to which no response is

required. To the extent a response may be deemed required, Chase denies the same.

5. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and therefore deny the same.

9. The allegations of Paragraph 9 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 9 contradict the writing, they are denied.

10. The allegations of Paragraph 10 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 10 contradict the writing, they are denied.

11. The allegations of Paragraph 11 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

12. The allegations of Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

13. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint and therefore deny the

same.

14. The allegations of Paragraph 14 are denied. To the contrary, Chase provided documentation establishing that it was the holder of the note.

15. The allegations of Paragraph 15 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

16. The allegations of Paragraph 16 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

17. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18. The allegations of Paragraph 18 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 18 contradict the writing, they are denied.

19. The allegations of Paragraph 19 are denied. To the contrary, Chase responded to Plaintiff's request to establish that it was the holder of the note.

20.

21. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

22. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and therefore deny the

same.

23. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

## COUNT ONE: VIOLATIONS OF FCRA

24. The allegations of Paragraph 23 of the Complaint are conclusions of law to which no response is required.  To the extent a response may be deemed required, Chase denies the same.

25. The allegations of Paragraph 24 of the Complaint refer to a writing which speaks for itself.  To the extent the allegations contained in Paragraph 24 contradict the writing, they are denied.  The remaining allegations of Paragraph 24 are denied.  To the contrary, Chase responded to Plaintiff's request to establish that it was the holder of the note.

26. The allegations of Paragraph 25 are denied.  To the contrary, Chase responded to Plaintiff's request to establish that it was the holder of the note.

27. The allegations of Paragraph 26 of the Complaint are conclusions of law to which no response is required.  To the extent a response may be deemed required, Chase denies the same.

28. The allegations of Paragraph 27 of the Complaint are conclusions of law to which no response is required.  To the extent a response may be deemed required, Chase denies the same.  By way of further response, Chase denies that Plaintiff is entitled to any relief whatsoever.

## COUNT TWO: VIOLATIONS OF FDCPA

29. Paragraph 28 of the Complaint is an incorporation paragraph to which no

response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

30. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint and therefore deny the same.

31. The allegations of Paragraph 30 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

32. The allegations of Paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

33. The allegations of Paragraph 32 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

34. The allegations of Paragraph 33 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

35. The allegations of Paragraph 34 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. By way of further response, Chase denies that Plaintiff is entitled to any relief whatsoever.

## COUNT THREE: DEFAMATION

36. Paragraph 35 of the Complaint is an incorporation paragraph to which no

response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

37. The allegations of Paragraph 36 are denied. To the contrary, Chase has the right to collect payment under the Note.

38. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

39. The allegations of Paragraph 38 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

40. The allegations of Paragraph 39 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

41. The allegations of Paragraph 40 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

42. The allegations of Paragraph 41 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

43. The allegations of Paragraph 42 are denied.

44. The allegations of Paragraph 43 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

45. The allegations of Paragraph 44 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

**COUNT FOUR: TRESPASS**

46. Paragraph 45 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

47. The allegations of Paragraph 46 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

48. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint and therefore deny the same.

49. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint and therefore deny the same.

50. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and therefore deny the same.

51. The allegations of Paragraph 50 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

52. The allegations of Paragraph 51 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

53. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint and therefore deny the same.

## COUNT FIVE: CONVERSION

54. Paragraph 53 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

55. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and therefore deny the same.

56. The allegations of Paragraph 55 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

57. The allegations of Paragraph 56 are denied.

58. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

59. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint and therefore deny the same.

60. The allegations of Paragraph 59 are denied.

61. The allegations of Paragraph 60 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

## COUNT SIX: BREACH OF CONTRACT
(*In The Alternative*)

62. Paragraph 61 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

63. The allegations of Paragraph 62 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. The remaining allegations of Paragraph 62 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 62 contradict the writing, they are denied.

64. The allegations of Paragraph 63 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. The remaining allegations of Paragraph 63 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 63 contradict the writing, they are denied.

65. The allegations of Paragraph 64 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. The remaining allegations of Paragraph 64 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 64 contradict the writing,

they are denied.

66. The allegations of Paragraph 65 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. The remaining allegations of Paragraph 65 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 65 contradict the writing, they are denied.

67. The allegations of Paragraph 66 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. The remaining allegations of Paragraph 66 of the Complaint refer to a writing which speaks for itself. To the extent the allegations contained in Paragraph 66 contradict the writing, they are denied.

68. Chase lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint and therefore deny the same.

69. The allegations of Paragraph 68 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

70. The allegations of Paragraph 69 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

71. The allegations of Paragraph 70 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

## COUNT SEVEN: DECLARATORY JUDGMENT

72. Paragraph 71 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

73. The allegations of Paragraph 72 are denied.

74. The allegations of Paragraph 73 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

75. The allegations of Paragraph 73 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

76. The allegations of Paragraph 75 are unintelligible and Chase does not know what factual averments are meant by this Paragraph. To the extent a response may be deemed required, Chase denies the same.

77. The allegations of Paragraph 76 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

78. The allegations of Paragraph 77 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

79. The allegations of Paragraph 78 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

80. Paragraph 79 of the Complaint contains no factual averments. Therefore no response is required. To the extent a response may be deemed required, Chase denies the same.

81. Paragraph 80 of the Complaint contains no factual averments. Therefore no response is required. To the extent a response may be deemed required, Chase denies the same.

## COUNT EIGHT: RESPA

82. Paragraph 81 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, Chase incorporates all preceding paragraphs of this Answer as if fully set forth at length herein.

83. The allegations of Paragraph 81 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

84. The allegations of Paragraph 83 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

85. The allegations of Paragraph 84 are denied.

86. The allegations of Paragraph 85 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

87. The allegations of Paragraph 86 are denied.

88. The allegations of Paragraph 87 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

89. The allegations of Paragraph 88 of the Complaint are conclusions of law to which

no response is required. To the extent a response may be deemed required, Chase denies the same.

90. The allegations of Paragraph 88 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same.

91. The allegations of Paragraph 85 of the Complaint are conclusions of law to which no response is required. To the extent a response may be deemed required, Chase denies the same. By way of further response, Chase denies that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Chase and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Chase.

2. Any and all statements, communications, publications, and other information provided by Chase to Plaintiff and any third party about Plaintiff was true.

3. Chase was qualifiedly privileged in making any statements, communications, and publications to any third parties about Plaintiff.

4. Plaintiff has not suffered any damages caused by Chase.

5. Chase has fully complied with all the terms and conditions of the Note and Deed of Trust.

6. Plaintiff's state law claims are preempted by his federal law claims.

7. Plaintiff's claims are barred in whole or part because Chase at all times acted in good faith.

8. The causes of action are barred, in whole or in part, by the doctrine of equitable estoppel, judicial estoppel, and/or promissory estoppel.

9. The causes of action are barred, in whole or in part, by the applicable statutes of limitations.

10. The causes of action are barred, in whole or in part, by the doctrine of laches.

11. The causes of action are barred, in whole or in part, by the doctrine of unclean hands and/or in pari delicto.

12. The Complaint, and each cause of action set forth therein, is barred, in whole or in part, by the terms and conditions of the contracts that are the subjects of this lawsuit and Plaintiff is barred from asserting any claims contrary to the contracts by the parol evidence rule. Alternatively, the claims are barred by the doctrines of integration and merger.

13. The causes of action are barred by accord and satisfaction.

14. Plaintiff's claims are moot.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

16. Plaintiff failed to meet the conditions precedent in the agreement between the parties.

17. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adhere to and perform the alleged contractual conditions and/or failure to provide the full consideration as required by the putative contract.

18. Plaintiff has failed to mitigate his alleged loss.

19. Plaintiff is not entitled to and is otherwise barred from recovery beyond actual damages, if any.

20. Plaintiff's Complaint and each cause of action therein are barred to the extent that

Plaintiff seeks adjudication of the claims of absent parties, relief based upon the claims of absent parties, and/or remedies or judgment in favor of absent parties over whom this Court has no jurisdiction.

21. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Chase.

22. Plaintiff acquiesced in and/or consented to Chase's acts and omissions alleged in the Complaint.

23. All of the causes of action alleged in the Complaint are barred by the doctrine of excuse for nonperformance.

24. Chase reserves the right to assert additional affirmative defenses as may be revealed during discovery and as justice requires.

Respectfully submitted,

Dated: July 6, 2015

    /s/ Michael B. Roberts
Michael B. Roberts (D.C. Bar No. 976409)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, DC 20005
Phone: (202) 414-9288
Facsimile: (202) 414-9299
mroberts@reedsmith.com

*Counsel for the Defendant, JP Morgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2015, I filed a copy of the foregoing Answer and served a copy of this Answer on the Plaintiff by U.S. mail, postage prepaid, at:

Mr. Khalid Mohamed
333 I Street # 207 Southwest
Washington, DC 20024

/s/ Michael B. Roberts
Michael B. Roberts (D.C. Bar No. 976409)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, DC 20005
Phone: (202) 414-9288
Facsimile: (202) 414-9299
mroberts@reedsmith.com

*Counsel for the Defendant, JP Morgan Chase Bank, N.A.*